UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME DERRELL ROBERTSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-938-DRL-MGG |
| DEPUTY COMMISSIONER, et al., | |
| Defendants. | |

OPINION AND ORDER

Jerome Derrell Robertson, a prisoner without a lawyer, filed a complaint (ECF 1) against Robert E. Carter, Jr., and the United States Government alleging that his mental health needs are not being met in a constitutionally adequate manner while being housed in administrative segregation at the Westville Correctional Facility. He has also filed a motion for a preliminary injunction. ECF 3. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. A review of Mr. Robertson's litigation history reveals that he has accumulated three strikes:

(1) *Robertson v. Spears*, 1:15-CV-1405 (S.D. Ind. filed September 3, 2015), dismissed December 4, 2015, for failure to state a claim;

(2) *Robertson v. Spitzer*, 3:18-CV-609 (N.D. Ind. filed August 7, 2018), dismissed October 17, 2018, pursuant to 28 U.S.C. § 1915A because the amended complaint sought money damages against a defendant who was immune from such relief; and

(3) *Robertson v. Sevier,* 3:18-CV-637 (N.D. Ind. filed August 14, 2018), dismissed August 24, 2018, for failure to state a claim.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Mr. Robertson alleges that his mental health needs have been neglected for the past eighteen months while he has been in administrative segregation. He asserts that he does not receive treatment even though he complains of constant anxiety attacks, major depression, and hearing voices that tell him to harm himself and others. A mental health worker chats with him at the front of his cell occasionally while other inmates listen, but that is the extent of the care he receives. That same individual then documents that Mr. Robertson refused care – an allegation that Mr. Robertson denies. Giving Mr. Robertson the benefit of the inferences to which he is entitled at this stage of the proceeding, these allegations state a plausible claim that he is in imminent danger of harming himself.

Because Mr. Robertson has alleged that he faces imminent danger, he has been granted leave to proceed *in forma pauperis* by separate order of the court. Mr. Robertson's complaint, however, seeks both monetary compensation and injunctive relief, but claims for monetary damages are not genuine emergencies. Therefore, he may only proceed on a claim for injunctive relief.

Mr. Robertson asks to be transferred to a "Snap unit" for treatment, but "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief – if

2

granted – will be limited to requiring the Westville Correctional Facility to provide Mr. Robertson with mental health treatment that does not violate the Constitution.

Mr. Robertson names multiple defendants in his complaint. However, the proper defendant for his injunctive relief claim is the Warden of the Westville Correctional Center in his official capacity. The Warden is the person who has both the authority and the responsibility to ensure that Mr. Robertson receives constitutionally adequate mental health treatment.

For these reasons, the court:

(1) GRANTS Jerome Derrell Robertson leave to proceed against the Warden of the Westville Correctional Center in his official capacity on an injunctive relief claim to provide him with constitutionally adequate mental health care, as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the Deputy Commissioner, Regional Director, Executive Director of Classification, Heath Administrator Livers, and Treatment Team of Westville Control Unit;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order, the complaint (ECF 1), motion for preliminary injunction (ECF 3), and memorandum (ECF 4), as required by 28 U.S.C. § 1915(d);

(5) ORDERS the Warden of the Westville Correctional Facility to respond to the motion for preliminary injunction and file an affidavit or declaration with the court by **November 8, 2019**, explaining how Jerome Derrell Robertson's mental healthcare needs are being addressed in a manner that satisfies the requirements of the Eighth Amendment; and

(6) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-

1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 24, 2019

*s/ Damon R. Leichty*
Judge, United States District Court